# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANKER PATEL,<br><br>                       Petitioner,<br><br>   v.<br><br>GISSELLE MATTESON,<br><br>                       Respondent. | Case No. 2:20-cv-09126-SB-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner's Motion to Amend (ECF No. 28), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge (ECF No. 33).

The Court also has reviewed Petitioner's January 28, 2022 objections to the Report and Recommendation ("Objections"). (Objs., ECF No. 34.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

Petitioner argues for the first time in his Objections that his claim for relief in Ground K of the Proposed Amended Petition should be allowed pursuant to Federal Rule of Civil Procedure 15(d) because this claim is based on a Los Angeles County

1 | District Attorney Directive that was issued after Petitioner filed his Petition. (Objs.
2 | 5[1].) The Court declines to consider this argument because it was raised for the first
3 | time in the Objections. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir.
4 | 2000); *see also Blunk v. Ryan*, 728 F. App'x 736, 737 (9th Cir. 2018). In any event,
5 | Petitioner does not address the Magistrate Judge's denial of leave to amend on the
6 | alternative basis that Ground K fails to state a cognizable claim for federal habeas
7 | relief. (Rep. & Recommendation 18–19; *see generally* Objs.)

The remaining objections lack merit for the reasons stated in the Report and Recommendation. The Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

In accepting the Report and Recommendation, the Court further finds that the Declaration of Miguel Angel Garcia, Sr." does not constitute "new reliable evidence" sufficient to support a claim of actual innocence. *House v. Bell*, 547 U.S. 518, 537 (2006). In his declaration, Mr. Garcia recants his confession to an undercover police officer that he was hired to murder someone's "old lady." The surreptitiously recorded confession, which was played for the jury, was made to an undercover police officer who posed as Mr. Garcia's cellmate after Mr. Garcia had been arrested.

As explained in the Report and Recommendation, Mr. Garcia had recanted his confession before trial when testifying at the preliminary hearing in this case. He testified as follows:

> Q. And do you recall testifying under oath at that point in time that in the fall of 1991, a man by the name of Stanley Medina approached you and asked you if you were interested in doing a

---

[1] Pinpoint citations of documents in this Order refer to the page numbers appearing in the ECF-generated headers.

|   |   |   |
|---|---|---|
| | | job? |
| A. | | Yeah. That was part of my testimony. |
| Q. | | And did you further testify, when you testified at a bail hearing in this courtroom, that Mr. Medina explained to you that the job was that a woman was to be killed? |
| A. | | Well, you know, that testimony, it was all false. |
| Q. | | * * * [A]nd you were aware that that testimony was videotaped, is that correct? |
| A. | | Yeah. That is correct. But I had an agenda in mind. |
| * * * | | |
| Q. | | I understand. Did you testify under oath in this court that Mr. Medina approached you about killing a woman? |
| A. | | Yeah. Apparently, I'm a perjurer. |
| Q. | | All right. Did you testify to that, sir? |
| A. | | Yeah. Apparently so. |
| Q. | | You say apparently so. Do you recall? |
| A. | | Well, no. Now it's kind of fuzzy now. |

1 CT 29.

In this testimony, Mr. Garcia admitted that he is a perjurer who is willing to lie under oath to support his agenda. He then subsequently disclosed his hostility towards the prosecution. Mr. Garcia explained that he believed he had gotten "burnt" by the prosecution when he had agreed to plead guilty to murdering the victim in this case because he expected a lighter sentence for himself and especially for his son, who was convicted of an unrelated crime. *Id*. at 40, 49. Mr. Garcia acknowledged that he was recanting his confession because he believed that the prosecution "didn't keep [its] end of the [plea] bargain." *Id*. at 60; *see also id*. at 61 (admitting that he was "upset" that he was sentenced to 25 years to life and that his son was sentenced to eight years in prison).

3

Mr. Garcia's testimony leaves no doubt about two points—at least one of which is dispositive of Petitioner's claim that the Garcia Declaration is "new reliable evidence" of Petitioner's actual innocence.  The first is that the recantation is not "new."  Petitioner and his trial counsel knew about this evidence before trial, as they were present at the preliminary hearing when Mr. Garcia testified.[2]  But even if the recantation could be considered "new" evidence merely because the defense chose not to introduce it at trial, the second and dispositive point is that this "new" evidence is anything but reliable.  To say that Mr. Garcia is not a credible witness when providing a sworn statement is to state the obvious.  He acknowledged that he is willing to commit perjury when it suits his perceived interest to do so, and he acknowledged that he has an interest in doing so here— i.e., to retaliate for being "burnt" by the prosecution.  His inherently suspect declaration is therefore not "reliable evidence."  Accordingly, the Garcia Declaration does not constitute "new reliable evidence."

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Petitioner's Motion to Amend (ECF No. 28) is DENIED.

Dated:  February 22, 2022

Stanley Blumenfeld, Jr.
United States District Judge

---

[2] Petitioner has made no claim in his petition that his trial counsel was ineffective for failing to introduce this evidence at trial.